# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Louise M. McCarthy, <br><br> Plaintiff, <br><br> v. <br><br> The Commerce Group, Inc. and MAPFRE, S.A., <br><br> Defendants. | Civil Action <br> No. 09-10161-PBS <br><br> **ORAL ARGUMENT REQUESTED** |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MAPFRE, S.A.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (DOCKET NO. 159)

### PRELIMINARY STATEMENT

Plaintiff now asserts a new theory to recover from MAPFRE, S.A. ("MAPFRE") severance benefits allegedly due under her Employment Agreement and her 2009 and 2010 Incentive Award Agreements. The effort is unavailing under such a theory because ERISA Section 510 affords only equitable relief, not money damages. However, MAPFRE, as the Court has already found, is not an employer or an administrator. It has never had any obligations under the ERISA plans in question, or any administrative or other discretionary responsibilities under those plans. Further, the Court has adopted the Magistrate Judge's recommendation that MAPFRE cannot be held liable for any alleged conduct by The Commerce Group, Inc. ("CGI") in connection with CGI's employment relationship with Plaintiff or CGI's administration of its ERISA plans. (Report and Recommendation on Cross-Motions for Summary Judgment Relating to MAPFRE, S.A. dated June 9, 2011, at 15-18 (Docket No. 129) (the "6/9/11 Report and

Recommendation").)  Accordingly, under no set of facts can Plaintiff state a claim under § 510 against MAPFRE, and the Court should dismiss Plaintiff's § 510 claim and dismiss MAPFRE from this case.

## BACKGROUND

On August 25, 2011, the Court granted summary judgment to MAPFRE on all of the claims alleged against it in this lawsuit.  (Memorandum and Order dated Aug. 25, 2011 (Docket No. 158) (the "8/25/11 Memorandum and Order").)  In determining that summary judgment should enter in MAPFRE's favor, the Magistrate Judge concluded that Plaintiff is precluded from seeking to recover ERISA benefits from MAPFRE because MAPFRE had (and has) no obligations under the ERISA plans in question in this lawsuit.  (6/9/11 Report and Recommendation at 7-18.)  MAPFRE Objected to the Magistrate Judge's Report and Recommendation on the ground that the tortious interference claim against it was also preempted by ERISA.  In her Response to that Objection, Plaintiff requested -- for the first time -- leave to replead a Section 510 claim in the event the Court concluded that the tortious interference claim was preempted as well.

In the 8/25/11 Memorandum and Order, the Court granted MAPFRE's Motion for Summary Judgment on Plaintiff's claim for tortious interference with contractual relations, but permitted Plaintiff to amend her complaint to include a claim against MAPFRE under ERISA § 510 in connection with her allegations that MAPFRE "interfered" with her claim for benefits under her Employment Agreement and Incentive Award Agreements.  (8/25/11 Memorandum and Order at 3-4.)  On September 1, 2011, Plaintiff filed her Amended Complaint (Docket No. 159) (the "Amended Complaint," cited as "Am. Compl.").  Plaintiff's Amended Complaint is

BOI-7369v4

virtually identical to her initial complaint, with the exception of the addition of "Count VI," her claim against MAPFRE for "Interference Under ERISA, 29 U.S.C. § 1140." (Am. Compl. ¶¶ 90-95.)

As permitted by the Court's Order, Plaintiff's Section 510 claim is limited to an assertion that MAPFRE interfered with her claim for benefits. Plaintiff claims that MAPFRE manipulated and controlled the process by which her claim was reviewed and caused it to be denied.

**I. PLAINTIFF'S CLAIM IS BARRED BECAUSE SHE IS NOT ENTITLED TO RECOVER THE COMPENSATORY DAMAGES SHE SEEKS**

The relief sought by Plaintiff (*i.e.*, "damage for which Mapfre is liable" (Am. Compl. ¶ 95)) is not available as a remedy under Section 510. This ERISA provision **is not** a statutory codification of common law tortious interference. As an initial matter, it is well established that compensatory or punitive damages are not available under ERISA. *See Andrews-Clarke v. Lucent Tech., Inc.*, 157 F. Supp. 2d 93, 107 (D. Mass. 2001) ("ERISA 'does not create compensatory or punitive damages remedies where an administrator of a plan fails to provide the benefits due under that plan.' In the present case, Plaintiff's complaint is not seeking to secure rights under the plan, rather she is seeking damages for breach of the plan. Under such circumstances, she has failed to state a claim under ERISA.") (*quoting Hampers v. W.R. Grace*, 202 F.3d 44, 51 (1st Cir. 2000)); *Turner v. Fallon Community Health Plan, Inc.*, 127 F.3d 196, 200 (1st Cir. 1997) ("[I]t is certainly a matter for reasonable debate whether a damage remedy should be added, either by judicial interpolation or by Congress. But only the Supreme Court could alter the existing case law that precludes such a remedy.").

The remedies that *are* available under ERISA are enumerated in § 502(a). That section (which is ERISA's exclusive civil enforcement provision) allows a participant or beneficiary bringing a claim under ERISA:

1. "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," 29 U.S.C. § 1132(a)(1)(B);

2. to seek "appropriate relief under [ERISA § 409]," 29 U.S.C. § 1132(a)(2), for "any losses to the plan" resulting from a breach of fiduciary duty to the plan, 29 U.S.C. § 1109(a)); or

3. to seek "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan," 29 U.S.C. § 1132(a)(3).

The Supreme Court, the First Circuit, and the federal district courts in this judicial district have consistently held that the remedies stated in § 502(a) are the exclusive categories of relief available under ERISA. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987) ("The deliberate care with which ERISA's civil enforcement remedies were drafted and the balancing of policies embodied in its choice of remedies argue strongly for the conclusion that ERISA's civil enforcement remedies were intended to be exclusive."); *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146 (1985) ("The . . . carefully integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted, however, provide strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly. The assumption of inadvertent omission is rendered especially suspect upon close consideration of ERISA's interlocking, interrelated, and interdependent remedial scheme, which is in turn part of a comprehensive and reticulated statute.") (internal quotation omitted); *Turner*, 127 F.3d at 198 ("[T]he Supreme Court has adamantly ruled that ERISA's express remedies are a signal to courts not to create additional remedies of their own."); *Andrews-Clarke*, 157 F. Supp. 2d at 107 (citing *Turner* and holding that the plaintiff failed to state a claim under ERISA because the requested remedy did not fall into any of the categories of relief available under ERISA § 502(a)).

Plaintiff's purported ERISA § 510 claim requests none of the remedies permitted under § 502(a) and it is not an interchangeable option for a tort claim, which she also cannot state against MAPFRE. Count VI thus fails to state a claim as a matter of law.

### A. Plaintiff Cannot Recover Benefits In Connection With Her § 510 Claim

Plaintiff does not seek recovery of ERISA benefits from MAPFRE, nor could she. As stated, this Court has previously (and correctly) granted summary judgment to MAPFRE in connection with Plaintiff's Count V ("Recovery of Benefits Under ERISA"), on the grounds that Plaintiff failed to make the required showing necessary to maintain a claim to recover benefits, *i.e.* that MAPFRE is bound by Plaintiff's Employment Agreement and/or the Incentive Agreements. (*See* 8/25/11 Memorandum and Order.)

Even if this Court had not previously concluded that Plaintiff cannot seek to recover benefits from MAPFRE, Plaintiff would nevertheless not be entitled to recover benefits under § 510. The statutory language of ERISA § 502(a)(1)(B) confirms that a plaintiff pursuing a § 510 remedy is not entitled to seek recovery of benefits and is limited exclusively to injunctive or other equitable relief. As stated, § 502(a)(1)(B) provides that "[a] civil action may be brought by a participant . . . to recover benefits due to him *under the terms of his plan*, to enforce his rights *under the terms of the plan*, or to clarify his rights to future benefits *under the terms of the plan*." 29 U.S.C. § 1132(a)(1)(B) (emphasis added). Subsection 502(a)(1)(B) provides a cause of action only where a plaintiff alleges a violation of the terms of a benefits plan or an ambiguity in the plan requiring judicial interpretation. Because MAPFRE is neither an ERISA employer nor an ERISA administrator, there is no status predicate which enables application of Section 510. And Plaintiff cannot use that statutory provision to make MAPFRE liable under ERISA for benefits, or make MAPFRE pay damages, where it otherwise plays no role in the ERISA statutory scheme. *See Eichorn v. AT&T Corp.*, 484 F.3d 644, 653 (3rd Cir. 2007) ("[P]laintiffs

have alleged that the defendants interfered with their ability to become eligible for further benefits, not that the defendants have breached the terms of the plan itself.  We therefore agree with the District Court that subsection (a)(1)(B) does not provide relief for the violation of ERISA that the plaintiffs have alleged . . . ."); *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1134 (7th Cir. 1992) ("[T]o enforce the terms of a plan . . . the participant must first qualify for the benefits provided in that plan.  Rather than concerning itself with these qualifications, one of the actions which Section 510 makes unlawful is the interference with a participant's ability to meet these qualifications in the first instance.") (internal citations omitted).

### B. Plaintiff Cannot Seek To Recover For Any Purported Breach Of Fiduciary Duty

Plaintiff cannot attempt to recover for any "losses to the plan" as a result of any purported breach of fiduciary duty because the ERISA plans involved in this case are top-hat plans and do not give rise to any fiduciary duties.  *See Alexander v. Brigham & Women's Physicians Org., Inc.*, 513 F.3d 37, 43 (1st Cir. 2008) (holding that top-hat plans are "exempted from several of ERISA's stringencies, including rules governing plan participation, vesting, funding, and fiduciary duty").  Even if the plans in question were not top-hat plans, Plaintiff still could not seek damages payable to her in connection with attempting to recover for any purported "losses to the plan[s]" in question here.  *See Mass. Mut. Life Ins. Co.*, 473 U.S. at 145-48 (no equitable make whole relief available in ERISA § 502(a)(2) action where plaintiff alleging breach of fiduciary duty sought "extra contractual" damages payable directly to her, rather than plan).

### C. Money Damages Are Not Available As "Equitable Relief" Under § 502(a)(3)

Third, money damages are not within the scope of injunctive or other equitable relief available under ERISA § 502(a)(3).  The Supreme Court has conclusively established that money damages are excluded from the scope of such relief, and that the "equitable relief" available

6

under that section is limited to the traditional forms of relief "**typically** available in equity." *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993); *see Turner*, 127 F.3d at 198 (holding that § 502(a)(3) is "expressly limited to providing equitable relief"). Such relief includes "injunction, mandamus, and restitution, but not compensatory damages." *Mertens*, 508 U.S. at 256.

Here, Plaintiff plainly seeks to recover money allegedly flowing from her claim that she was wrongfully denied ERISA benefits by her former employer, CGI. There is no injunctive relief available to remedy any harm purportedly resulting from MAPFRE's alleged "interference" with Plaintiff's benefits claim, and mandamus relief is clearly not applicable in this case. MAPFRE's involvement has allegedly occurred in the past and in the process by which CGI's Executive and Compensation Committee reviewed her claim, and there is nothing for this Court to order MAPFRE to do or not to do. This and related claims directed at MAPFRE have seemingly had no purpose except to harass the new parent of CGI.

Nor can Plaintiff mask her efforts to collect compensatory damages as a claim for equitable restitution. A plaintiff can seek "restitution *in equity*, ordinarily in the form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213 (2002). "Thus, for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." *Id*. at 214; *see also Choi v. Mass. Gen. Physicians Org.*, 66 F. Supp. 2d 251, 255-56 (D. Mass. 1999) (dismissing § 510 claim and rejecting plaintiff's effort to characterize his request for attorney's fees as "restitution").

Plaintiff does not seek to recover "traceable" "particular funds or property" in MAPFRE's possession belonging to Plaintiff. Any restitutionary-type relief in this case would require MAPFRE to pay money damages to reimburse Plaintiff for the value of the ERISA benefits that the Court has already determined she cannot recover from MAPFRE. *See Great-West Life & Annuity Ins. Co.,* 534 U.S. at 210 ("Almost invariably . . . suits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages' as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty.") (internal quotations and citation omitted). That defective remedy would not recover "specifically identifiable funds," but rather would impose "personal liability" on MAPFRE by recovering "some funds" from MAPFRE's "assets generally." *Sereboff v. Mid Atlantic Med. Svcs., Inc.*, 547 U.S. 356, 363 (2006); *see Great-West Life & Annuity Ins. Co.*, 534 U.S. at 214. Such recovery would constitute *legal* relief without statutory basis, not the type of limited *equitable* relief available under § 510.

### D.   Even If Plaintiff Could Demonstrate Some Actionable Harm, MAPFRE Is Not A Proper Defendant For A § 510 Claim

Even if Plaintiff were able to establish harm actionable under § 510 (and she cannot), MAPFRE is not a proper defendant for any claim under that section.

Section 510 provides in relevant part:

> It shall be unlawful for any person to *discharge, fine, suspend, expel, discipline, or discriminate* against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan . . . .

8

(Emphasis added.)  There is no allegation that MAPFRE took any step to "discharge, fine, suspend, expel, discipline, or discriminate" against Plaintiff (even construing those terms in a broad sense) in respect of her employment with CGI.

The U.S. Courts of Appeals for the Third, Seventh, and Eleventh Circuits have held that in order to maintain an action under ERISA § 510, a plaintiff must establish that the alleged conduct adversely affected an *existing* employer-employee relationship.  *See Andersen v. Chrysler Corp.*, 99 F.3d 846, 856 (7th Cir. 1996) ("[ERISA] § 510 applies only in instances in which an employer wrongfully alters the employment relationship to prevent benefit rights from vesting."); *Byrd v. MacPapers, Inc.*, 961 F.2d 157, 161 (11th Cir. 1992) ("Byrd's reply brief concedes that Sun Life is not a proper party to the appeal because only an employer can be sued in a § 510 retaliation action.  Sun Life has moved for attorney fees and costs for services on appeal; under the circumstances its motion must be granted."); *Gavalnik v. Continental Can Co.*, 812 F.2d 834, 851 (3d Cir. 1987) ("Section 510 of ERISA prohibits employer conduct taken against an employee who participates in a pension benefit plan for 'the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan.'") (quoting 29 U.S.C. § 1140); *see also West v. Butler*, 621 F.2d 240, 245 (6th Cir. 1980) ("The legislative history [of ERISA § 510] reveals that the prohibitions were aimed primarily at preventing unscrupulous employers from discharging or harassing their employees in order to keep them from obtaining vested pension rights.")  Here, Plaintiff cannot establish any adverse effect on her employment relationship with CGI resulting from any alleged conduct by MAPFRE.

Although the First Circuit has not yet squarely addressed the issue, two courts in this federal judicial district have held that a plaintiff need not establish that the alleged conduct affected an *existing* employment relationship to be actionable under ERISA § 510.  Both of those

decisions addressed circumstances where the defendant was alleged to have direct authority over the *former* employment relationship in question. *See Mercier v. Boilermakers Apprenticeship and Training Fund*, Civil Action No. 07-cv-11307-DPW, 2009 WL 458556 (D. Mass. Feb. 10, 2009); *Choi*, 66 F. Supp. 2d 251.  In *Mercier*, the court concluded that a former employee could maintain a claim against her union, which had allegedly refused to readmit her into an apprenticeship program in retaliation for her efforts to challenge her termination.  2009 WL 458556, at *19.  In *Choi*, the court held that the plaintiff's former employer could be held liable under ERISA § 510 despite the fact that the alleged interference occurred after the termination of the employment relationship (though the court dismissed the claim anyway, because the plaintiff sought compensatory damages and not equitable relief).  66 F. Supp. 2d at 253-54.

Unlike the defendants in those cases, MAPFRE is not alleged to have taken any steps to "discharge, fine, suspend, expel, discipline, or discriminate" or take any other adverse action against Ms. McCarthy in her employment with CGI in connection with her asserting a claim for benefits under her Employment Agreement.  Equitable relief is the limit of Section 510 and certainly not in these circumstances, Plaintiff's § 510 claim should be dismissed.

## CONCLUSION

For the foregoing reasons, MAPFRE respectfully requests that the Court grant its motion and dismiss Plaintiff's ERISA § 510 claim, the only remaining claim against MAPFRE in this lawsuit.

>Respectfully submitted,
>
>MAPFRE, S.A.
>
>By its attorneys,
>
>/s/ Michael T. Marcucci
>John D. Hanify  (BBO# 219880)
>Karen A. Whitley  (BBO# 564742)
>Michael T. Marcucci  (BBO# 652186)
>JONES DAY
>100 High Street
>Boston, MA  02110-1781
>Telephone:  (617) 960-3939
>Facsimile:  (617) 449-6999
>
>mmarcucci@jonesday.com

Dated:  September 19, 2011

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on September 19, 2011.

>/s/ Michael T. Marcucci
>Michael T. Marcucci

Dated:  September 19, 2011

BOI-7369v4