UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LOUISE M. McCARTHY, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Civ. A. No. 09-10161-PBS |
| THE COMMERCE GROUP, INC. and MAPFRE, S.A., | ) ) ) ) | |
| Defendants | ) ) | |

### DEFENDANTS' MOTION TO QUASH PLAINTIFF'S SUBPOENA DIRECTED TO JAMES A. ERMILIO, ESQ.[1]

Pursuant to Federal Rules of Civil Procedure 26 and 45, Defendants The Commerce Group, Inc. ("CGI") and MAPFRE, S.A. ("MAPFRE") (collectively, "Defendants") respectfully request an order quashing the subpoena issued on behalf of Plaintiff Louise M. McCarthy ("Plaintiff") directed to CGI's former general counsel, James A. Ermilio, Esq. (the "Subpoena") (copy attached hereto as Exhibit 1). As explained herein, any trial testimony by Mr. Ermilio would be patently irrelevant and prejudicial to Defendants. Further, Plaintiff's belated document requests set forth in the Subpoena's Attachment A ("Attachment A") are untimely in the extreme, and improperly request the production of documents that are plainly subject to the attorney work product doctrine. The Subpoena should be quashed. In the alternative,

---

[1] The Subpoena initially requested that Mr. Ermilio's testimony and document production occur on Monday, October 3, 2011. Defendants understand that counsel for Plaintiff and Mr. Ermilio's counsel agreed to a revised, later date for testimony and production in light of the modification of the commencement date of the trial in this matter. Further, on September 23, 2011, Mr. Ermilio timely served objections to collecting and producing the documents requested for production in Attachment A, on the grounds, among others, that the requests for production are unduly burdensome and that the requested documents contain information that is confidential, and/or subject to the attorney-client privilege or the attorney work product doctrine. Defendants understand that those objections have not been resolved.

Defendants request an Order pursuant to Rule 45(c) modifying the Subpoena by eliminating the untimely document requests propounded in Attachment A.

I.  **ANY TESTIMONY BY MR. ERMILIO WOULD BE IRRELEVANT AND A WASTE OF LIMITED TRIAL TIME**

Mr. Ermilio has extremely limited (if any) utility as a witness for the purposes of this trial. In its Order dated August 25, 2011 (Docket No. 158), the Court held that this trial will determine two specific factual questions: (i) "whether the Board's 'Good Reason' determination suffered from a procedural defect" (that is, whether "the integrity of the process was flawed") and (ii) whether Plaintiff was prejudiced by any such procedural defect.

Mr. Ermilio cannot offer any testimony relevant to either inquiry. Neither CGI nor Plaintiff asked Mr. Ermilio to present evidence to the Board or to Katten concerning Plaintiff. Mr. Ermilio did not present evidence to the Board in connection with the Board's review of Plaintiff's claim or with its "Good Reason" determination. Indeed, neither Plaintiff nor CGI (nor either of those parties' respective counsel) ever requested Mr. Ermilio to be interviewed, to be a witness, to provide a statement, or make an appearance concerning Plaintiff's claim, either before the Board or its Executive and Compensation Committee. (*See* Second Declaration Of James Ermilio ¶ 2 (copy attached hereto as Exhibit 2).) In addition, given that Mr. Ermilio declined the Board's invitation to appear on behalf of his own claim, there is no evidence that he would have agreed to provide evidence to the Board or Katten in connection with Plaintiff's claim.

In fact, Plaintiff's counsel suggested to Katten on June 20, 2008 -- five days *before* the Board's decision -- that Mr. Ermilio could have relevant information about Plaintiff's claim. (*See* Exhibit 3 attached hereto (June 20, 2008 email from Anne Josephson to E. Rayner), at the first paragraph numbered "5.") Despite acknowledging Mr. Ermilio's apparent relevance,

Plaintiff never presented to the Board any testimony or other evidence from Mr. Ermilio, even though she bore the burden of proving her claim for Good Reason.  *See Terry v. Bayer Corp.*, 145 F.3d 28, 34 (1st Cir. 1998).  Nor did Plaintiff seek a statement or an appearance by Mr. Ermilio on her behalf.

Thus, regardless of any alleged procedural deficiency here, Plaintiff cannot prove she suffered any prejudice that would justify consideration of evidence from a witness, Mr. Ermilio, who Plaintiff had explicitly acknowledged had relevant material, but failed to present that information to the Board.  *See Govoni v. Bricklayers, Masons & Plasterers Int'l Union*, 732 F.2d 250, 252 (1st Cir. 1984) (Breyer, J.) (to secure relief from a procedural defect, the plan participant "must show some significant reliance upon, or possible prejudice flowing from, the faulty plan description").  Because Mr. Ermilio's testimony could not be used to show prejudice, and was not considered by the Board in the first instance, his testimony is wholly irrelevant to this limited bench trial.

Finally, evidence about Mr. Ermilio's own claim is irrelevant to the resolution of this action.  The Plaintiff herself asserts that each Good Reason claim by an executive must be analyzed on its own terms.  (*See* McCarthy Dep., Vol. I 200-202; Vol. II 358:18-361:21.)  Thus Mr. Ermilio's agreement is not relevant to any assessment of Ms. McCarthy's claim, as Plaintiff has already insisted that her claim should be evaluated on its own merits.

## II. THE SUBPOENA IS AN IMPROPER EFFORT TO PROPOUND DOCUMENT REQUESTS LONG AFTER THE CONCLUSION OF DISCOVERY

Plaintiff's document requests set forth in Attachment A are belated and should be rejected.  Discovery in this case closed approximately nineteen months ago on March 5, 2010.  The discovery schedule ordered by the Court applies with equal force to third-party discovery as to discovery among the parties, and Plaintiff's belated current attempt to effectively re-open

3

discovery through a trial subpoena directed to a non-party should be rejected on the grounds that it is untimely to an extreme degree.

In *McKay v. Triborough Bridge and Tunnel Auth.*, No. 05 Civ. 8936(RJS), 2007 WL 3275918 (S.D.N.Y. Nov. 5, 2007), the court quashed a subpoena that the defendants issued to a third party, the plaintiff's employer, five months after the close of discovery. The court held that "service of a Rule 45 trial subpoena after the close of discovery is improper" and criticized the defendants for not moving to reopen discovery prior to serving the subpoena and for "issuing the subpoena . . . without regard to and in spite of the fact that discovery in the case closed in March 2007, approximately five months before the subpoena was served." *Id.* at *2. The court drew a distinction between Rule 45 trial subpoenas that seek documents for legitimate "last-minute trial needs (such as originals of documents where copies were produced in discovery and there is a need for the original at trial)" and subpoenas like the one in that case (and the one directed to Mr. Ermilio here) which are designed for discovery purposes. Id. at *2 n.2.[2]

Similarly here, Plaintiff has no "last-minute trial need" for the documents requested in Attachment A. Plaintiff requests the production of an unredacted copy of a September 29, 2008 "Separation Agreement" of which Plaintiff has been aware for years, as well as (privileged) communications concerning Mr. Ermilio's participation in this lawsuit dating back approximately two years to October 14, 2009. (*See* Attachment A.) There can be no genuine

---

[2] *See also Puritan Inv. Corp. v. ASLL Corp.*, No. Civ. A. 97-1580, 1997 WL 793569, at *1 (E.D. Pa. Dec. 9, 1997) ("Trial subpoenas may be used to secure documents at trial for the purpose of memory refreshment or trial preparation or to ensure the availability at trial of original documents previously disclosed by discovery. Trial subpoenas may not be used, however, as means to engage in discovery after the discovery deadline has passed.") (internal citations omitted); *Hatchett v. United States*, No. 94-CV-74708-DT, 1997 WL 397730, at *3 (E.D. Mich. Feb. 28, 1997) (holding that magistrate judge erred in denying motion to quash, because "the trial subpoena is a belated discovery request filed long after discovery has been completed"); *BASF Corp. v. The Old World Trading Co.*, No. 86 C 5602, 1992 WL 24076, at *2 (N.D. Ill. Feb. 4, 1992) (quashing subpoena and holding that "[w]hile trial subpoenas may be used to require those served to produce documents at trial for the purpose of memory refreshment or trial preparation, they may not be used as a means to engage in further discovery.")

4

BOI-7638v2

dispute that Plaintiff has no trial-specific need for those documents, such as witness memory refreshment or securing original versions of documents for use at trial where copies were produced previously. The Subpoena is a transparent and impermissible attempt to re-open discovery in this case and should be quashed. *McKay*, 2007 WL 3275918, at *2.

**III.    THE SUBPOENA SEEKS THE PRODUCTION OF INFORMATION PROTECTED BY THE ATTORNEY WORK PRODUCT DOCTRINE**

The Subpoena should be quashed on the alternative grounds that it purports to require the production of documents subject to the attorney-client privilege and/or the attorney work product doctrine. For example, Attachment A requests the production of drafts of the previously-filed Declaration of James Ermilio "exchanged between you and/or your attorney and CGI and/or Mapfre [sic] or its representatives." (Attachment A.) "Drafts" of that declaration were plainly "prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)" and thus constitute attorney work product immune from production pursuant to Rule 26(b)(3). *See Bernson v. I.C.C.*, 635 F. Supp. 369, 373 (D. Mass. 1986) (holding that "drafts of filings" qualify for protection under the work product doctrine); *In re Grand Jury Subpoena (Legal Services Center)*, 615 F. Supp. 958, 965 (D. Mass. 1985) (quashing subpoena and holding that "drafts of documents prepared for filings" are among the categories of documents that are "indisputably protected by either the attorney-client privilege or the work product rule").[3]

---

[3]    *See also Judicial Watch, Inc. v. U.S. Dept. of Justice*, __ F. Supp. 2d __, 2011 WL 3343622, at *5 (D.D.C. Aug. 4, 2011) (holding that "e-mail messages forwarding and transferring . . . draft memoranda and draft pleadings that contain analyses, discussions, questions, suggestions, [or] revisions" "fall well within the scope of the work-product doctrine"); *Flex Energy, LLC v. St. Paul Surplus Lines Ins. Co.*, Civil Action No. 6:09-cv-1815, 2011 WL 2434095, at *4 (W.D. La. June 13, 2011) (holding that "drafts of pleadings to be filed in this lawsuit" are "clearly attorney work product").

Nor has there been a waiver of the protection afforded by the work product doctrine. Unlike the attorney-client privilege, the protections afforded by the attorney work product doctrine are not waived by disclosure to a third party unless that third party is an adversary. *See U.S. v. Mass. Inst. of Tech.*, 129 F.3d 681, 687 (1st Cir. 1997) ("The privilege, it is said, is designed to protect confidentiality, so that any disclosure outside the magic circle is inconsistent with the privilege; by contrast, work product protection is provided against 'adversaries,' so only disclosing material in a way inconsistent with keeping it from an adversary waives work product protection."); *see also U.S. v. Deloitte LLP*, 610 F.3d 129, 140 (D.C. Cir. 2010) ("Voluntary disclosure does not necessarily waive work-product protection, however, because it does not necessarily undercut the adversary process.").

Here, Plaintiff cannot demonstrate that Defendants waived the protection afforded by the attorney work product doctrine by sharing the relevant information with Mr. Ermilio. Mr. Ermilio is not their adversary in this case. In fact, as Plaintiff is aware, Mr. Ermilio is contractually obligated to cooperate with Defendants for the purpose of this lawsuit and other litigation pursuant to Paragraph 7 of his separation agreement with CGI dated September 29, 2008. (CGI produced a redacted copy of that agreement during discovery pursuant to an agreement with Plaintiff's counsel, and that document was used by Plaintiff as an exhibit during Mr. Ermilio's October 14, 2009 deposition in this matter.) That Defendants did not waive any protections afforded by the work product doctrine is further re-confirmed by the fact that Mr. Ermilio has objected to producing the requested information on the grounds, among others, that that information is immune from disclosure pursuant to the attorney work product doctrine.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court issue an Order quashing the Subpoena. In the alternative, Defendants request that the Court exercise its discretion pursuant to Rule 45(c) to modify the Subpoena by eliminating the document requests set forth in Attachment A.

    Respectfully submitted,

    THE COMMERCE GROUP, INC.
    And MAPFRE, S.A.

    By their attorneys,

    /s/ Michael T. Marcucci
    John D. Hanify  (BBO# 219880)
    Karen A. Whitley  (BBO# 564742)
    Michael T. Marcucci  (BBO# 652186)
    JONES DAY
    100 High Street
    Boston, MA  02110-1781
    Telephone:  (617) 960-3939
    Facsimile:  (617) 449-6999

    mmarcucci@jonesday.com

Dated:  October 4, 2011

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)**

I certify that on October 3, 2011, I conferred with counsel for Plaintiff concerning the relief requested in this motion. Plaintiff does not assent.

    /s/ John D. Hanify
    John D. Hanify

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 4, 2011, I filed the foregoing Defendants' Motion To Quash Plaintiff's Subpoena Directed To James A. Ermilio, Esq. through the Court's CM/ECF system which will serve a copy on counsel of record identified in the Notice of Electronic Filing (NEF). I am not aware of counsel of record who require paper copies.

                                      /s/ Michael T. Marcucci
                                      Michael T. Marcucci

Dated: October 4, 2011

BOI-7638v2